Mr. Cooper. Good morning, Your Honor. My name is David Cooper, and I represent the appellant Rex Chappell. I'd like to reserve two minutes for rebuttal. The facts in this case are non-dispute for purposes of disappeal. According to the amended complaint, the defendants, corrections officers at California State Prison in Sacramento, offered Mr. Chappell an opportunity to participate in their drug-selling scheme. When Mr. Chappell refused, they instructed another inmate to plant heroin on Mr. Chappell. They then searched him, found the heroin, and falsified reports and testimony to have him prosecuted for possession. If he were found guilty, he could have been subjected to up to life imprisonment, but he was ultimately found not guilty. The issues in this case are whether these facts make out a claim for due process, equal protection, or a lack of due process. This Court's opinions in Devereux v. Abbey and McSharry v. City of Long Beach are controlling. In those cases, this Court said that there is a clearly established due process right to not be prosecuted based on falsified evidence and testimony. I understand your due process argument. The equal protection argument I have a little more problem with in the sense that I don't under, I'm not sure if you call it Mr. Chappell, not Mr. Chappell? Chappell, I believe. Okay. That I don't see anywhere that he's making a claim that best singled him out based on a membership of a protected class. And so I don't, I have problems with your equal protection claim. Well, certainly we're not making a claim based on a suspect classification. The claim we're making is based simply on a rational basis of view. That is, there has to be, the government's action has to be rationally related to a legitimate governmental objective, and here it was not. And so he was singled out based on the fact that he refused to participate in their scheme. These officers presumably did not plant drugs on everyone, and the reasons, as alleged by Mr. Chappell, why they chose to plant drugs on him was because he refused to participate in their own illegal activity. And so the point is that that choice to single him out based on that reason was illegitimate and irrational, even under the very lenient standards of rational basis review. So, I mean, so, and the point is that even under the test of equal protection rational basis review, this fails. And there have been several cases, and I cite a few of them in my brief, regarding class of one claims even on things that would be normally subject to rational basis review. So, for example, the Supreme Court's decision in Willowbrook v. Olek, in that case, the person said that the village requested a larger easement against the person's property simply because they had previously filed a lawsuit against the village. Clearly nothing regarding a suspect classification, also a class of one claim, and the court said if the facts support it, the claim can go forward as an equal protection claim. And here, of course, the harm is much greater, but, and the legal basis is essentially the same. Again, sort of deliberate animosity toward the person for a reason that is illegitimate. So, I'm sorry. So if that's your claim, so if I didn't buy that argument, you can't, you can't amend to show that he's in a protected or a suspect class. That is not part of it, right? That's not a part of it, no. I mean, that claim is not made in the district court, and we're not advancing that claim here. Mr. Cooper, I have a slightly different question on the same point. If I understand it correctly, the equal protection claim was not advanced in the district court. It was advanced in the district court, but the district court did not rule on it. The district court essentially ignored it. First, the magistrate judge's opinion in its findings ignored it, and then the district court affirmed, you know, the findings and recommendations without any reference to it. But is there any, I mean, I realize that we can reach it. Is there any reason why we must or should reach it? Well, I certainly, Your Honor, I certainly think this Court has to reach it in some capacity, even if that means vacating for the district court to consider it. Certainly, I don't think this Court has to. No, here's my point. If we, if in fact we agreed with you on the due process issue, it's going to go back. Sure. So my question is, is there any need to deal with equal protection, which is very tricky. I mean, I don't even know that you want a ruling on it. I don't. This Court doesn't have to rule on equal protection. If they rule that there is a valid due process, certainly if this Court were to rule against the due process claim, we would have to deal with it. If this Court ruled in our favor on the due process claim, this Court wouldn't have to deal with equal protection. But I would think it at least advisable to remand to the district court with the instruction that it consider the equal protection claim. That is, the district court erred simply by ignoring it. So even if this Court says simply the district court must consider it, whatever the legal analysis it decides to employ, I certainly think that at the very least this Court has to instruct the district court to consider the claim. Whether this Court has to then decide for itself whether or not there is a valid equal protection claim here, no, certainly it's within this Court's discretion not to do so, particularly since the district court decided not to consider it. Okay. Moving back for the moment to due process, essentially the – essentially, as I said before, Debrow and McSherry are controlling.  I mean, if the framing of a person for a crime were not a due process violation, it's sort of hard to imagine what a due process violation would be. Moving on to the last claim, which is malicious prosecution. Here – here the district court erred by simply saying that Mr. Chappell did not raise the claim. However, in his amended complaint, he not only raised the facts to support the claim but actually used the word malicious and the word prosecution in close proximity. And, of course, the issue is in terms of whether a complaint is raised is really one of notice, and notice here is undisputed because the defendants actually said in their motion for summary judgment we construe his claim as one – as one for malicious prosecution. So there's no doubt that he raised the claim, he raised the facts to support the claim, and it's essentially conceded by the defendants in the Court below. If there are no further questions, I'll reserve the remainder of my time for rebuttal. Certainly. Mr. Paul. Thank you. Good morning. May it please the Court. Jonathan Paul on behalf of Appellees Samfess and Michael Quist. Members of the Court, I would submit to you that I have no quarrel with Mr. Cooper's argument concerning the substantive due process claim, and that should be remanded to the district court. Likewise, I have no quarrel with his claim concerning plaintiff's malicious prosecution claim being remanded to the district court for consideration. However, I would ask this Court to consider not ruling on the equal protection claim. What is clear to me, and I believe what's clear from the record, is that Mr. Chappelle did not allege that he was a member of a protected class, nor did he allege that he was being discriminated against because of any membership in a protected class. I believe the controlling case would be Lee v. City of Los Angeles. What about the class of one argument? I do understand the class of one argument. I think that that is inapplicable here, though, because what really we have here is we have the substantive due process claim, which was addressed by the district court. The equal protection claim was seemingly ignored by the district court, and it should also be noted it was not raised by Mr. Chappelle in opposition to the motion for summary judgment. What do we do with a claim that was ignored by the district court? How do we handle that? I think probably the most appropriate way to handle it would be to remand to the district court and ask for consideration of that. So you are in agreement with the opposing counsel as to what the desired result of this case is, to remand it to the district court to consider the equal protection claim? I think that actually needs to be done in this case. Of course, this is one of the problems we have in all pro se prisoner cases, is we have pleadings which are not necessarily definitive. The claims are not clear, and the court does not always, the district court level does not always identify what claims we are dealing with, and we sort of have defendants put in the position of identifying the claims and arguing those claims, and oftentimes plaintiffs not submitting clear arguments in opposition there, too. I think this is one of those cases, and I think that that claim needs to be So you are conceding under Devereux and McSherry that there is enough to get past summary judgment? This is not a qualified immunity case where summary judgment is going to apply to defendants here. The district court found there was a question of fact as to whether or not the fabrication of evidence did occur. We would submit that that issue needs to go back for trial on that disputed issue of fact. Okay. Made it easy. Thank you. Anything further? Nothing further, Your Honor. Thank you. The matter just argued will be submitted. We appreciate the arguments, counsel. And we will next hear arguments.
judges: Rymer, Rawlinson, Callahan